IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| PATRICK HAUN, | ) | CV 11-82-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS CHASE, WADE NASH, | ) | |
| ANTHONY DENTLER, DANIEL | ) | |
| DURYEE, and JEFF FORD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

In the early morning hours of June 2, 2009, a law enforcement officer investigating a domestic assault mistakenly entered Plaintiff Patrick Haun's apartment through a window, with the help of other officers. Haun was awoken

and ordered to put his hands behind his back.  He refused to comply and was "yelling profanities" at the officer, Daniel Duryee.  Duryee advised Haun he was under arrest and grabbed Haun's wrist.  According to Haun, Duryee tackled him during the arrest procedure.  Duryee then handcuffed Haun.  At some point, Haun told Duryee that he was in the wrong apartment.  He also told Duryee and Officer Nash, whom Duryee had let into the apartment, that they were lucky he did not have a gun because he would have "put a bullet in your head."  Duryee checked Haun for warrants before removing the handcuffs, explaining the mistake, and exiting the apartment.

Two years later, Haun commenced this action, raising federal constitutional claims under 42 U.S.C. § 1983 and state law claims for negligent investigation, assault and battery, false arrest and imprisonment, trespass, and invasion of privacy against the City and County officers who were involved in the domestic assault investigation.  Defendants Douglas Chase, the City of Polson's former police chief, and City of Polson police officers Wade Nash and Anthony Dentler (collectively, "City Defendants"), filed motions for summary judgment on all of the claims.  Defendants Daniel Duryee and Jeff Ford, both Lake County Sheriff's Deputies ("collectively, "County Defendants"), did not join these motions or file their own.

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on the City Defendants' motions on September 28, 2012, and recommended granting them summary judgment on all claims. Haun did not file objections to the Findings and Recommendations, and so has waived the right to de novo review. 28 U.S.C. § 636(b)(1). The Findings and Recommendations are instead reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons stated below, Judge Lynch's Findings and Recommendations are adopted in full.

Haun's federal official-capacity claims against the City Defendants fail because he has not shown that a municipal custom, policy, or practice played any role in the constitutional violations alleged or that a failure to develop a policy or practice or to adequately train municipal employees led to the events that occurred. Haun's federal individual-capacity claims also fail. Each City Defendant is entitled to qualified immunity. Chase was not present at the scene, and Nash and Dentler made an honest mistake that was objectively understandable and reasonable under the circumstances. It was also objectively reasonable for Nash to believe, based on what he knew at the time, that Haun had been resisting Duryee's

efforts to arrest him and that handcuffing Haun during the warrant check was not a constitutional violation. Thus, the City Defendants are entitled to summary judgment on all of Haun's federal claims.

They are also entitled to summary judgment on Haun's state claims. In their individual capacity, each is entitled to statutory immunity under Montana Code Annotated § 2-9-305(5), and the official-capacity state law claims fail on the evidence. No evidence supports holding the City Defendants indirectly liable for Duryee's conduct based on an "acting in concert" theory. No facts suggest Nash or Dentler knew that Duryee's entry through the window might be tortious. Rather, the evidence shows they reasonably believed the window led to the apartment occupied by the domestic dispute suspect. Nor is there any evidence that they acted other than with the "degree of care that an ordinarily prudent person would have used under the same circumstances." *Barr v. Great Falls Intl. Airport Auth.*, 107 P.3d 471, 477 (Mont. 2005). Similarly, no facts suggest that any of the City Defendants acted unreasonably or unlawfully, or that they should have known that Duryee's decision to keep Nash in handcuffs while he checked for outstanding warrants was unlawful. Thus, Haun's false arrest and imprisonment, trespass, and invasion of privacy claims against the City Defendants also fail. Finally, as Haun concedes, the City Defendants are entitled

to summary judgment on his assault and battery claims.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (doc. 55) are adopted in full.

IT IS FURTHER ORDERED that the motions of Douglas Chase, Wade Nash, and Anthony Dentler (docs. 38 and 40) are GRANTED. Defendants Douglas Chase, Wade Nash, and Anthony Dentler are thereby dismissed from this action.

DATED this 17th day of October 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT